# NO. 12-21-00212-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TYLER GLENN BUTE, APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tyler Glenn Bute appeals his conviction for aggravated assault with a deadly weapon. In his sole issue, Appellant challenges the assessment against him of the "county specialty court account" fee as a result of his conviction. We affirm.

## BACKGROUND

Appellant was indicted on November 19, 2020, for the offense of aggravated assault with a deadly weapon that allegedly occurred on May 22, 2020. Appellant made an open plea of "guilty" to the offense and pleaded "true" to the enhancement paragraph.

The trial court accepted Appellant's pleas, and after a punishment hearing, the trial court sentenced Appellant to thirty years of imprisonment. The trial court did not assess a fine or restitution. In relevant part, the clerk's bill of costs contains an assessment for the "county specialty court account" fee in the amount of $25.00. This appeal followed.

## COURT COSTS

In his sole issue, Appellant argues the trial court improperly assessed certain court costs in its judgment. Specifically, he argues the trial court erroneously assessed costs for the "county specialty court account." We disagree.

Appellant contends that he should not have been charged the "county specialty court account" fee because it does not apply to his offense. Prior to June 2019, Article 102.0178(g) provided that funds received from costs on conviction of an offense under Chapter 49 of the Texas Penal Code (intoxication offenses) or Chapter 481 of the Texas Health and Safety Code (controlled substances offenses) would be deposited to the credit of the drug court account to help fund drug court programs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0178(a), (g) (West 2018), *repealed by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.18, 2019 Tex. Gen. Laws 1352. But in June 2019, the Legislature redesignated that account to the "county specialty court account" under Section 134.101(b)(6) of the Texas Local Government Code, i.e., the Local Consolidated Fee on Conviction of Felony. *See* TEX. LOCAL GOV'T CODE ANN. § 134.101(b)(6) (West 2021). Section 134.101 assesses an additional $105 fee for persons convicted of felonies. *See id.* § 134.101(a). That $105 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id.* § 134.101(b). The Local Consolidated Fee on Conviction of Felony applies only to defendants who are convicted of offenses committed on or after January 1, 2020. *Id.* The date of Appellant's charged offense in the indictment is "on or about May 22, 2020." Therefore, the Local Consolidated Fee on Conviction of Felony, including the "county specialty court account," applies.

The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40.00 Clerk of the Court, $4.00 County and District Court Technology Fund, $1.00 County Jury Fund, $25.00 County Records Management and Preservation, $25.00 County Specialty Court Account, and $10.00 Courthouse Security Fund. These total $105 in fees. As stated above, per the statute's effective date, Appellant is obligated to pay the Local Consolidated Fee on Conviction of Felony. *See Waters v. State*, No. 12-21-00108-CR, 2021 WL 6061566, at *1–2 (Tex. App.—Tyler Dec. 21, 2021, no pet. h.) (mem. op., not designated for publication) (disposing of same issue relating to "county specialty court account" fee for offenses committed on or after January 1, 2020).

Accordingly, we overrule Appellant's sole issue.

2

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered May 18, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 18, 2022**

**NO. 12-21-00212-CR**

**TYLER GLENN BUTE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1849-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*